## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DUANE J. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 11-1075 (RMC) |
| | ) | |
| UNITED STATES OF AMERICA *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

In this action removed from the Superior Court of the District of Columbia,

plaintiff Duane Joseph Johnson, proceeding *pro se*, alleges that in 1994, "the United States and

the District of Columbia permitted Steven J. McCool to impersonate a federal prosecutor in the

District of Columbia [and] while unlawfully impersonating a federal prosecutor, McCool . . .

influenced police to arrest Plaintiff and urged witnesses to report to the grand jury and give false

testimony against [him] . . . ." Compl.  Mr. Johnson seeks $5 million for defendants'

"negligence." *Id.*  The United States moves to dismiss the complaint on the ground of either res

judicata or collateral estoppel.  Because the legitimacy of Mr. McCool's prosecuting authority

was adjudicated in a previous action, this action is barred.  Hence, the Court will grant the United

States' motion to dismiss under Fed. R. Civ. P. 12(b)(6).[1]

---

[1] "[T]he defense of res judicata . . . while having a 'somewhat jurisdictional character' . . . does not affect the subject matter jurisdiction of the district court." *Smalls v. U.S*, 471 F.3d 186, 189 (D.C. Cir. 2006) (quoting *SBC Commc'ns Inc. v. FCC*, 407 F.3d 1223, 1229-30 (D.C. Cir. 2005)) (other citations omitted).

1.  <u>The Legal Standard</u>

The doctrine of res judicata, or claim preclusion, bars the court from hearing "repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits ." *United States v. Tohono O'Odham Nation*, —— U.S. ——, 131 S.Ct. 1723, 1730 (2011) (citation and internal quotation marks omitted).  The doctrine bars a subsequent lawsuit if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction.  *Small v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) (citations omitted).  Res judicata prevents the relitigation of claims that were actually litigated in a prior suit and those that could have been litigated but were not.  *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (*Res judicata* bars the relitigation "of issues that were or *could have been raised* in [the prior] action." (emphasis in original) (quoting *Allen*, 449 U.S. at 94); *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously").  Thus, it relieves parties of the cost and vexation of multiple lawsuits, conserves judicial resources, prevents inconsistent decisions, and encourages reliance on adjudication.  *Montana v. United States*, 440 U.S. 147, 153–54 (1979).  In addition, res judicata and the related doctrine of collateral estoppel "preclude parties from contesting matters that they have had a full and fair opportunity to litigate."  *Id*. at 153.

"Under the [] doctrine of collateral estoppel, or issue preclusion, an issue of fact or law that was actually litigated and necessarily decided is conclusive in a subsequent action between the same parties or their privies."  *Johnson v. Duncan*, 746 F. Supp. 2d 163, 168 (D.D.C. 2010).  When the determination "is essential to the judgment, [it] is conclusive in a

subsequent action between the parties, whether on the same or a different claim." *Consolidated*

*Edison Co. of New York v. Bodman*, 449 F.3d 1254, 1258 (D.C. Cir. 2006) (citation and internal

quotation marks omitted); *see Allen*, 449 U.S. at 94 ("Under collateral estoppel, once a court has

decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation

of the issue in a suit on a different cause of action involving a party to the first case."); *but see*

*id*. (recognizing that "the Court has eliminated the requirement of mutuality [of parties] in

applying collateral estoppel to bar relitigation of issues decided earlier in federal-court suits . . .

.") (citation omitted); *Novak v. World Bank*, 703 F.2d 1305, 1309 (D.C. Cir. 1983) ("Although in

the past the doctrine of mutuality applied to both res judicata and collateral estoppel, the

Supreme Court in recent decisions has virtually eliminated the mutuality requirement for

collateral estoppel.") (citing cases).

      2.  Analysis

      Mr. Johnson's challenge to Mr. McCool's authority to prosecute him has been

decided by this Court more than once in actions against Mr. McCool or the United States as the

substituted defendant.  *See Johnson v. Sullivan*, 748 F. Supp. 2d 1, 13 n.6. (D.D.C. 2010) ("The

plaintiff's challenge [to] the validity of the certification [pursuant to 28 U.S.C. § 2679(d)] filed by

McCool is meritless . . . .   Even if the certification were invalid, the plaintiff cannot now be

allowed to undermine the validity of the criminal proceedings on the ground that McCool had not

taken a valid oath of office. ") (citations omitted); *Johnson v. McCool*, No. 10-0634 (D.D.C. May

12, 2010) (dismissing for failure to state a claim Mr. Johnson's action for a writ of *quo warranto*,

challenging Mr. McCool's authority).  Hence, the elements of same claim, same parties or

privies, and final judgment on the merits by a court of competent jurisdiction are present to

warrant dismissal of this action on the ground of res judicata.

Even if res judicata does not bar this action, Mr. Johnson would be collaterally estopped from relitigating Mr. McCool's prosecuting authority because that issue was necessarily decided by the Court's previous acceptance of the United States Attorney's certification that "Mr. McCool was acting within the scope of his employment as an assistant United States attorney at the time of the allegations stated in the complaint," *Johnson*, 748 F. Supp. 2d 1 at 13, and its rejection of Mr. Johnson's contrary argument, *id*. n.6.

3. <u>Conclusion</u>

For the foregoing reasons, the Court will grant the United States' motion to dismiss this action as barred under the doctrines of res judicata and collateral estoppel.  A separate Order accompanies this Memorandum Opinion.

_____/s/_____
ROSEMARY M. COLLYER
Date: January 27, 2012          United States District Judge

4